**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LIESL NICHOLS,** | : | **CIVIL ACTION NO. 1:15-CV-273** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **MARK WHITTEN, M.D.;** | : | |
| **WHITTENLASEREYE, LLC** | : | |
| **t/d/b/a TLC WHITTEN LASER** | : | |
| **EYE ASSOCIATES, LLC; and** | : | |
| **TLC VISION CENTERS, INC.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

The instant motion (Doc. 40) to dismiss is filed pursuant to Federal Rule of

Civil Procedure 12(b)(6) by defendant TLC Vision Centers, Inc. ("TLC").  TLC seeks

dismissal of Count III of the amended complaint (Doc. 21), asserting that plaintiff

Liesl Nichols' ("Nichols") medical malpractice action is barred by the applicable

statute of limitations and statute of repose.  The court will grant the motion on

statute of repose grounds, dismissing all claims and providing Nichols with leave to

file a second amended complaint.

## I.   Factual Background & Procedural History

Nichols is a resident of Pennsylvania.  (Doc. 21 ¶ 2).  TLC is a medical service

provider with a principal place of business in Charlotte Hall, Maryland.  (Id. ¶¶ 5, 7).

Defendant Dr. Mark Whitten ("Dr. Whitten") is an ophthalmologist and an agent of

TLC and of defendant WhittenLaserEye, LLC t/d/b/a TLC Whitten Laser Eye

Associates, LLC ("Whitten Laser Eye Associates"), an affiliate of TLC.  (Id. ¶¶ 3, 6-7, 11).

In 1998, Dr. Whitten performed LASIK surgery on Nichols to address minor vision impairments in both of her eyes.  (Id. ¶¶ 8-9).  On February 9, 2001, Dr. Whitten determined that Nichols was an appropriate candidate for follow-up enhancement surgery, which he performed on March 29, 2001.  (Id. ¶¶ 10, 14).  Thereafter, TLC referred Nichols to optometrists Dr. Smith and Dr. Saracino for post-LASIK care.  (Id. ¶¶ 16-17).

In 2003, Nichols began to experience deteriorating vision in her left eye.  (Id. ¶ 19).  Between June 2003 and February 2013, Nichols treated at Dr. Smith's office a total of twenty-six times.  (Id. ¶ 21).  In 2008, Dr. Smith identified astigmatism in Nichols' left eye measuring -1.50 cylinder.  (Id. ¶ 22).  Nichols' astigmatism gradually worsened; by February 7, 2013, Dr. Smith measured -4.75 cylinder.  (Id. ¶¶ 23-25).  Dr. Smith posited that Nichols' decreased visual acuity was the result of a cataract.  (Id. ¶ 25).  Nichols consequently scheduled an appointment with Dr. David Armesto ("Dr. Armesto"), an ophthalmologist, to be evaluated and treated for cataracts.  (Id. ¶ 27).

On February 27, 2013, Dr. Armesto diagnosed Nichols with post-LASIK corneal ectasia.  (Id. ¶¶ 26, 28).  Nichols subsequently underwent a Collagen Cross-Linking procedure designed to prevent further vision loss as a result of this condition.  (Id. ¶¶ 32-33).  The procedure was successful.  (Id. ¶ 33).  However, at present, Nichols is legally blind in her left eye.  (Id.)

Nichols commenced the instant action on February 6, 2015 and filed an amended complaint on April 23, 2015.  (Docs. 1, 21).  In the amended complaint, Nichols alleges that Dr. Whitten, Whitten Laser Eye Associates, and TLC (collectively, "defendants") rendered negligent medical care by approving her LASIK enhancement surgery in March 2001.  (Doc. 21 ¶¶ 44-52).  On June 15, 2015, TLC filed the instant motion to dismiss.  (Doc. 40).  The motion is fully briefed and ripe for disposition.

## II.   <u>Legal Standard</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  <u>Phillips v. Cty. of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Phillips</u>, 515 F.3d at 232 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court must conduct a three-step inquiry.  <u>See</u> <u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' "  <u>Id.</u> at 130 (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts

3

must be accepted as true, while mere legal conclusions may be disregarded.  Id. at 131; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

Federal Rule of Civil Procedure 8(c) classifies a statute of limitations claim as an affirmative defense that must be pled in an answer to the complaint.  FED. R. CIV. P. 8(c).  Nevertheless, the court may dismiss a complaint as time-barred under Rule 12(b)(6) if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002); see Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).  This deficiency must be apparent on the face of the pleading.  See Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).

Courts should grant leave to amend before dismissing a curable pleading in civil rights actions.  See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  Courts need not grant leave to amend *sua sponte* in dismissing

non-civil rights claims pursuant to Rule 12(b)(6), <u>Fletcher-Harlee Corp.</u>, 482 F.3d at

251, but leave is broadly encouraged "when justice so requires." FED. R. CIV. P.

15(a)(2).

**III.** <u>**Discussion**</u>

**A.** **Statute of Limitations**

In Pennsylvania, the statute of limitations for a medical malpractice claim is

two years. <u>See</u> 42 PA. CONS. STAT. § 5524(7).  In cases involving latent injury, the

statute does not begin to run "until the injured party discovers or reasonably should

discover that he has been injured and that his injury has been caused by another

party's conduct." <u>Fine v. Checcio</u>, 870 A.2d 850, 859 (Pa. 2005).  A plaintiff must

exercise "reasonable diligence" in endeavoring to discover an injury and its cause.

<u>Bohus v. Beloff</u>, 950 F.2d 919, 924-25 (3d Cir. 1991); <u>see</u> <u>Burton-Lister v. Siegel,</u>

<u>Sivitz & Lebed Assocs.</u>, 798 A.2d 231, 237 (Pa. Super. Ct. 2002) (quoting <u>Pocono Int'l</u>

<u>Raceway, Inc. v. Pocono Produce, Inc.</u>, 468 A.2d 468, 471 (Pa. 1983)).  The question

when a plaintiff knew or should have ascertained this information is a factual issue

ordinarily determined by a jury. <u>Wilson v. El-Daief</u>, 964 A.2d 354, 362 (Pa. 2009); <u>see</u>

<u>Knopick v. Connelly</u>, 639 F.3d 600, 606 (3d Cir. 2011).  The commencement of the

limitations period may only be determined as a matter of law when "the facts are so

clear that reasonable minds cannot differ." <u>Knopick</u>, 639 F.3d at 611.

In the instant case, Nichols asserts that the vision in her left eye began to

deteriorate by the end of 2003, progressively worsening thereafter.  (Doc. 21 ¶ 19).

Nichols alleges that the 2001 enhancement surgery performed by Dr. Whitten

triggered this decline.  (<u>Id.</u> ¶¶ 34-43).  She contends, however, that she did not know

or have reason to know the cause of her injury until Dr. Armesto diagnosed her with post-LASIK corneal ectasia on February 27, 2013. (Doc. 47 at 7-8). TLC responds that Nichols was "on notice" that any vision loss following the 2001 operation may have derived therefrom. (Doc. 48 at 13).

Between June 2003 and February 2013, Nichols treated with Dr. Smith on numerous occasions, (Doc. 21 ¶ 21), and Dr. Smith ascribed Nichols' worsening astigmatism to cataracts. (Id. ¶¶ 16-26). Dr. Smith's diagnosis failed to link Nichols' declining eyesight to the 2001 enhancement surgery. Indeed, a reasonable jury could conclude that Dr. Smith's diagnosis deluded Nichols into attributing her eyesight woes to another cause. Considering Nichols' averments *in extenso*, reasonable minds could differ in determining whether Nichols exercised adequate diligence to ascertain the cause of her injury. Accordingly, Nichols' pleading is sufficient to survive a Rule 12(b)(6) motion to dismiss. See Rycoline Prods., Inc., 109 F.3d at 886. The court will deny TLC's motion with respect to its statute of limitations argument.

### B.    Statute of Repose

A statute of repose is an absolute bar to an action brought after a specified period of time from a defendant's last culpable act. CTS Corp. v. Waldburger, 134 S. Ct. 2175, 2182-83 (2014). Unlike a statute of limitations, a statute of repose is non-waivable. Luzadder v. Despatch Oven Co., 834 F.2d 355, 357-58 (3d Cir. 1987). A plaintiff no longer enjoys the right to bring suit once the statute of repose has expired. Lieberman v. Cambridge Partners, L.L.C., 432 F.3d 482, 490 (3d Cir. 2005).

In Pennsylvania, the statute of repose for a medical malpractice claim bars any case commenced "after seven years from the date of the alleged tort." 40 PA. CONS. STAT. § 1303.513.  The statute applies to causes of action arising on or after March 20, 2002.  2002 Pa. Laws 13, §§ 5105(b), 5108.  Covered medical malpractice actions accrue when a plaintiff experiences some "physical manifestation of harm resulting from [an] injury," often postdating the inceptive offense.  Osborne v. Lewis, 59 A.3d 1109, 1115 (Pa. Super. Ct. 2012).

TLC asserts that the statute of repose is applicable because Nichols' vision commenced to decline in 2003, subsequent to the statute's effective date.  (Doc. 41 at 6-9).  The amended complaint corroborates TLC's assertion, stating that "Nichols first presented to Dr. Smith's office on June 24, 2003" and that "[b]y the end of 2003, Nichols' sight began to deteriorate in her left eye."  (Doc. 21 ¶¶ 18-19).  In her opposition brief, however, Nichols posits that her vision "initially began to deteriorate following the 1998 procedure, otherwise the second surgery would not have been necessary."  (Doc. 47 at 6).  It is well-settled that a "complaint may not be amended by the briefs in opposition to a motion to dismiss."  Heim v. York Cty. Prison, No. 3:CV-10-1369, 2013 WL 1414638, at *6 n.7 (M.D. Pa. Apr. 8, 2013) (citing Pa. ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988)).  The factual allegations set forth in Nichols' amended complaint are pellucid on this point; Nichols first experienced a manifestation of harm in 2003.  (Doc. 21 ¶¶ 18-19).  Hence, Nichols' cause of action accrued in 2003, rendering the statute of repose applicable to the matter *sub judice*.  See Osborne, 59 A.3d at 1115-16.

The parties do not dispute that defendants' last allegedly tortious act occurred on March 29, 2001.  (Doc. 21 ¶ 14).  Consequently, under the seven-year statute of repose, Nichols could initiate suit only through March 29, 2008.  See 40 PA. CONS. STAT. § 1303.513.  Nichols commenced this litigation on February 6, 2015.  (See Doc. 1).  Her cause of action is thus barred as to all claims and all named defendants.  See Lieberman, 432 F.3d at 490; Luzadder, 834 F.2d at 357-58.  The court will grant TLC's Rule 12 motion on statute of repose grounds.

**IV.   Conclusion**

TLC's motion (Doc. 40) to dismiss will be granted as to all claims in the amended complaint without prejudice.  Nichols will be afforded thirty days to file a curative amended pleading.  An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      December 16, 2015